THE ATTORNEY GENERAL HAS RECEIVED YOUR REQUEST FOR AN OPINION, WHICH ADDRESSES, IN EFFECT, THE FOLLOWING QUESTION:
 SHALL A PERSON, CURRENTLY SERVING AS A MEMBER OF A VOLUNTEER FIRE DEPARTMENT, BE EXPELLED FROM THE FIRE DEPARTMENT IF IT IS LATER DISCOVERED THAT THEY HAVE A PRIOR FELONY CONVICTION?
ATTORNEY GENERAL LOVING HAS DIRECTED ME TO RESPOND TO YOUR RECENT LETTER POSING THIS QUESTION. ALTHOUGH WE CANNOT ISSUE AN OFFICIAL ATTORNEY GENERAL'S OPINION ON THIS MATTER, I BELIEVE I CAN ASSIST YOU BY PROVIDING YOU WITH THE APPLICABLE LAW. THE VIEWS EXPRESSED IN THIS LETTER ARE, OF COURSE, THOSE OF THE UNDERSIGNED AND SHOULD NOT BE CONSTRUED AS REFLECTING THE OFFICIAL OPINION OF THE ATTORNEY GENERAL.
THE PERTINENT STATUTE IS FOUND AT 11 O.S. 29-204 (1990), ARTICLE 5, (G), WHICH READS:
 "ANY VOLUNTEER MEMBER OF THE FIRE DEPARTMENT SHALL BE EXPELLED FROM THE ROLLS FOR THE FOLLOWING OFFENSES: 1. CONDUCT UNBECOMING A FIRE FIGHTER, 2. ANY ACT OF INSUBORDINATION, 3. NEGLECT OF DUTY, 4. ANY VIOLATION OF RULES AND REGULATIONS GOVERNING THE FIRE DEPARTMENT, OR 5. CONVICTION OF A FELONY."
THERE HAVE BEEN NO CASES DECIDED IN OKLAHOMA DEALING WITH THE ABOVE SECTION.
THERE IS, HOWEVER, A BODY OF LAW DEALING WITH CRIMINAL CONVICTIONS OF PUBLIC EMPLOYEES AND OFFICERS, AND THE CONSEQUENCES THEREOF. IN A PRIOR OPINION, OP.ATTY.GEN. 86-079, MANY OF THOSE STATUTES AND CASES WERE DISCUSSED. I HAVE ENCLOSED A COPY OF THAT OPINION FOR YOUR CONVENIENCE. IN THAT OPINION, THE DIFFERENCE BETWEEN A TEMPORARY BAR FROM PUBLIC EMPLOYMENT AND A PERMANENT BAR FROM PUBLIC EMPLOYMENT AS A RESULT OF A CRIMINAL CONVICTION WAS DISCUSSED. IT WAS STATED:
 "THERE ARE SEVERAL OKLAHOMA STATUTES WHICH PROVIDE FOR FORFEITURES IN OFFICE, DISQUALIFICATIONS FROM OFFICE, OUSTER FROM OFFICE, VACANCIES AND SUSPENSIONS IN OFFICE WHICH RESULT FROM CRIMINAL CONVICTIONS. VERY FEW OF THESE STATUTES, HOWEVER, PROVIDE FOR PERMANENT DISQUALIFICATION FROM PUBLIC OFFICE OR PUBLIC EMPLOYMENT."
THE RELEVANT STATUTES, AS DISCUSSED IN THE OPINION, OFTEN PROVIDE THAT THE OFFENDER MUST LEAVE OFFICE UPON CONVICTION OF A CRIME, BUT IS THEN NOT BARRED FROM LATER SEEKING PUBLIC EMPLOYMENT OR ELECTION. THUS, AN IMPORTANT FACTOR IN THE INTENT OF THE STATUTES SEEMS TO BE THE DATE AT WHICH THE OFFENSE TOOK PLACE. AN OFFICE HOLDER OR EMPLOYEE WHO COMMITS A CRIME DURING THE TERM OF HIS PUBLIC SERVICE IS TREATED MORE HARSHLY THAN ONE WHOSE CONVICTION OCCURRED PRIOR TO HOLDING THE PUBLIC OFFICE.
ALSO PERTINENT TO THE FACTS PRESENTED HERE, IN OP.ATTY.GEN. 86-079 IT WAS OPINED THAT 26 O.S. 5-105(A) ONLY APPLIES TO ELECTED PUBLIC OFFICIALS. THAT STATUTE STATES THAT:
 "A. A PERSON WHO HAS BEEN CONVICTED OF A . . . FELONY UNDER THE LAWS OF THIS STATE OR OF THE UNITED STATES . . . SHALL NOT BE ELIGIBLE TO BE A CANDIDATE FOR OR TO BE ELECTED TO ANY STATE, COUNTY, MUNICIPAL, JUDICIAL OR SCHOOL OFFICE OR ANY OTHER ELECTIVE OFFICE OF ANY POLITICAL SUBDIVISION OF THIS STATE FOR A PERIOD OF FIFTEEN (15) YEARS FOLLOWING COMPLETION OF HIS SENTENCE OR DURING THE PENDENCY OF AN APPEAL OF SUCH CONVICTION OR PLEA.
 B. THE PROVISIONS OF THIS SECTION SHALL NOT BE CONSTRUED TO PRECLUDE A PERSON WHO HAS RECEIVED A PARDON FROM BEING ELIGIBLE FOR OR FROM HOLDING PUBLIC OFFICE."
THUS, A PERSON WHO HAS A PRIOR FELONY CONVICTION IS BARRED FROM SEEKING ELECTIVE OFFICE FOR ONLY FIFTEEN (15) YEARS AFTER COMPLETION OF SENTENCE. A VOLUNTEER FIRE FIGHTER IS NOT AN ELECTED OFFICIAL, AND THUS, EVEN THE FIFTEEN (15) YEAR PROVISION ABOVE WOULD NOT APPLY.
AS CAN BE SEEN FROM THE AUTHORITY CITED ABOVE, A FELONY CONVICTION DOES NOT FOREVER BAR A PERSON FROM PUBLIC EMPLOYMENT. IF THE FELONY IS COMMITTED WHILE IN OFFICE, OUSTER OR AUTOMATIC RELINQUISHMENT OF THE OFFICE IS OFTEN DICTATED. HOWEVER, EVEN IN THOSE CIRCUMSTANCES, THE INDIVIDUAL MAY OFTEN LATER SEEK PUBLIC EMPLOYMENT. IT IS ONLY IN CERTAIN LIMITED INSTANCES THAT THE INDIVIDUAL IS FOREVER BARRED FROM PUBLIC SERVICE.
IN THE QUESTION YOU PRESENTED IT IS UNKNOWN WHETHER OR NOT THE INDIVIDUAL LIED ABOUT HIS PRIOR CRIMINAL RECORD IN ORDER TO BECOME A VOLUNTEER FIRE FIGHTER. IF SO, THEN DISCIPLINARY ACTION UNDER ONE OF THE OTHER PROVISIONS OF 11 O.S. 29-204 MAY BE AVAILABLE.
IT WOULD BE INAPPROPRIATE FOR US TO RECOMMEND THAT AN INDIVIDUAL BE EITHER FIRED OR RETAINED AS A VOLUNTEER MUNICIPAL FIRE FIGHTER. SUCH A QUESTION IS BEST LEFT TO THE JUDGMENT OF THE MUNICIPAL ATTORNEYS, OR PERHAPS ULTIMATELY, TO A LOCAL TRIBUNAL WHO CAN BE AVAILED OF ALL THE FACTS INVOLVED. I HOPE, HOWEVER, THAT I HAVE BEEN ABLE TO PROVIDE SOME ASSISTANCE IN RESEARCHING THIS MATTER, AND IN PROVIDING YOU WITH AN ANALYSIS OF THE PERTINENT LAW.
(A. DIANE BLALOCK)